PER CURIAM.
The Florida Bar filed a six-count complaint against Kimberly Barenz, a member of the bar, alleging that she had acted improperly in her representation of three separate clients. Specifically, the bar claims that, as to the first client, Barenz agreed to represent the client and accepted a retainer, but then refused to take any action on the client’s behalf and failed to respond to the client’s inquiries. According to the bar, Barenz did, however, accept more money from the client. Finally, the bar contends that, when the grievance committee inquired into this matter, Barenz made false representations to the committee. As to the second client, Barenz is accused of accepting compensation to represent the client in a real estate closing and to provide title insurance on the property. Barenz, according to the bar, did not record the instruments entrusted to her and did not issue the title insurance policy for almost two years after the closing; she did, however, convert the client’s insurance premiums to her own use. Moreover, Barenz issued the title insurance policy without clearing two known mortgages which constituted liens on the property. The bar also claims that Barenz accepted payment from the third client to represent him in contested adoption proceedings but failed to appear on his behalf and, knowing little on the subject, did not prepare herself adequately to represent that client.
The referee has now filed his report and recommends that Barenz be found guilty of violating disciplinary rules 1-102(A)(3) (conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), 6-101(A)(3) (neglect of a legal matter), 7-101(A)(l) (failure to seek client’s lawful objectives), and 7-101(A)(2) (failure to carry out a contract of employment) as well as rule 11.02(3) (moral conduct) and (4) (trust funds and fees). The referee also recommends that Barenz be disbarred.
Neither side has contested the referee’s report and recommendations, and, after reviewing this matter, we adopt the referee’s report and recommendations. Therefore, Kimberly V. Barenz is hereby disbarred from the practice of law in Florida. The disbarment will be effective thirty days from the date of this opinion, thereby giving Barenz time to close out her practice and protect her clients’ interests. Barenz will accept no new business from the date of this opinion. Judgment for costs in the amount of $3,787.25 is hereby entered against Barenz, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.